Yang v. Lynch

BIA
Zagzoug, IJ
A205 226 268

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand sixteen.

PRESENT:
JOHN M. WALKER, JR.,
PETER W. HALL,
DEBRA ANN LIVINGSTON,
    *Circuit Judges.*

_____

JIANAN YANG,
    *Petitioner,*

v.                                                  14-4754
                                                    NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:        Lee Ratner, Law Offices of Michael Brown, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Kimberly A. Burdge, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jianan Yang, a native and citizen of the People's Republic of China, seeks review of a December 17, 2014, decision of the BIA affirming a September 10, 2013, decision of an Immigration Judge ("IJ") denying Yang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jianan Yang,* No. A205 226 268 (B.I.A. Dec. 17, 2014), *aff'g* No. A205 226 268 (Immig. Ct. N.Y. City Sept. 10, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

The agency may base a credibility finding on an asylum applicant's demeanor and inconsistencies between his statements and other evidence, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008) (per curiam). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Here, substantial evidence supports the IJ's adverse credibility determination. The IJ reasonably relied on inconsistencies among Yang's testimony, asylum application, and documentary evidence. For instance, Yang testified that he was one of five people arrested when police officers came to his church in China, and that four others escaped. However, his asylum application stated that all nine people at the church were arrested. Yang's explanation that he forgot and was telling the truth would not compel a reasonable fact-finder to credit his testimony, as it does not explain the discrepancy. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Yang also stated that he had no visitors while he was in custody, but a letter he submitted from a friend contradicts that claim. Yang's explanation that the friend may have visited Yang while he was recuperating at home is not compelling because the letter clearly states that the author witnessed Yang in police custody. *See id.* Further, although Yang testified that he was unfamiliar with the Methodist church, a letter from his mother stated that he attended a Methodist church in the United States.

The IJ also found that Yang appeared to testify from a memorized script. This is a demeanor finding, which is "paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate." *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006). The record supports this finding, as Yang's only instance of nonresponsive testimony during direct examination occurred when the IJ interrupted to ask a question about Yang's passport, and Yang suddenly became hesitant and vague on cross-examination. The demeanor finding is further bolstered by the inconsistencies discussed above. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

4

Yang argues that the credibility finding was unreasonable because it is not logical for an applicant to memorize testimony inconsistent with his application. This argument is without merit, as the IJ clearly found that Yang's testimony on direct examination was seemingly memorized, while his testimony on cross-examination contained the important inconsistencies.

Finally, the IJ reasonably relied on Yang's failure to provide certain corroborating evidence to bolster her finding that Yang was not credible. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Yang failed to provide evidence corroborating his assertion that he received medical treatment after his detention, and further failed to corroborate his alleged practice of Christianity in the United States. *See Chuilu Liu v. Holder*, 575 F.3d 193, 198-99 (2d Cir. 2009).

Given the IJ's findings regarding Yang's demeanor and the inconsistency in and the lack of corroboration of his testimony, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. As his claims for asylum, withholding of removal, and CAT relief are all based on the same factual predicates, the credibility determination is dispositive of his

petition.  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).  We do not address the agency's alternative determination that Yang had not established that his asylum application was timely filed.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk